IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRIS SAMPLES**, on behalf of himself and others similarly situated, ) ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | Judge |
| vs. ) | |
| ) | **COLLECTIVE ACTION COMPLAINT** |
| **BEAR DOWN LOGISTICS XL, INC.**, ) | |
| ) | **JURY DEMAND INCLUDED HEREON** |
| Defendant. ) | |

Representative Plaintiff Chris Samples ("Representative Plaintiff"), by and through counsel, for his Collective Action Complaint against Defendant Bear Down Logistics XL, Inc. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. Representative Plaintiff brings this FLSA collective action on behalf of himself and other similarly situated persons who may join this case pursuant to § 216(b) (the "FLSA Collective").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is in this district and division and a substantial part of the events or omissions giving rise to Representative Plaintiff's claims occurred here.

## PARTIES

5. Representative Plaintiff is an Ohio resident, who was employed by Defendant from approximately March to August 2022, as an hourly, non-exempt employee, performing local, "last mile" delivery services for Defendant. Representative Plaintiff's written consent to join form is attached as **Exhibit A**.

6. Defendant is a for-profit Illinois corporation headquartered at 11225 Front Street, Unit 16, Mokena, IL 60448 (Will County). Defendant can be served through its registered agent: Giovanni Pesa, at 1616 Ogden Ave, Unit 1, Lisle, IL 60532.

## FACTUAL ALLEGATIONS

7. Defendant is a carrier specializing in final mile delivery.[1]

8. At all relevant times, Defendant employed hourly, non-exempt, "last mile" delivery employees, such as drivers and helpers, including Representative Plaintiff and similarly situated employees.

9. Representative Plaintiff was primarily a "helper" and his hourly rate was approximately $17.50.

10. Defendant operates and controls employees, including Plaintiff and those similarly situated, engaged in commerce or in the production of goods for commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Plaintiff and those similarly situated routinely drove, rode in as helpers, or otherwise used vehicles that weighed 10,000 pounds or less, and are therefore covered by the

---

[1] https://beardownlogistics.com/#about-us (last viewed 10/13/2022).

FLSA pursuant to the SAFETEA—LU Technical Corrections Act of 2008, PL 110-244, June 6, 2008, 122 Stat. 1572.

12.	At all relevant times, Representative Plaintiff and similarly situated employees regularly worked 40 or more hours per workweek.

13.	At all relevant times, Defendant knew that it was required to pay non-exempt employees for all hours worked and to pay them all of their overtime compensation.

14.	At all relevant times, Defendant had a policy of automatically deducting 30 minutes from the daily work hours of Plaintiff and those similarly situated for a meal break.

15.	Defendant suffered or permitted Representative Plaintiff and similarly situated employees to perform work that resulted in missed or interrupted meal breaks even though it still deducted such time from their work hours.

16.	The work that Representative Plaintiff and other similarly situated employees performed during the missed or interrupted meal breaks was for Defendant's benefit.

17.	If Representative Plaintiff and others similarly situated took their lunch breaks, they would not have sufficient time to complete their routes, and Defendant would discipline such employees when routes were not completed. Nonetheless, Defendant still automatically deducted a 30-minute meal break from the daily work hours of Representative Plaintiff and those similarly situated even when meal breaks were missed or interrupted.

18.	As a result of Defendant's automatic 30-minute meal break deductions, Representative Plaintiff and those similarly situated were not paid all of their overtime compensation in violation of the FLSA.

19.	At all times relevant hereto, Defendant was fully aware of the fact that it was required to comply with applicable wage and overtime laws. Defendant knowingly and willfully

failed to pay Representative Plaintiff and those similarly situated for the time they spent working during the automatically deducted meal break. For example, Representative Plaintiff was written up for no lunch taken and Defendant still deducted the 30 minutes from his workday hours. Also, Defendant's company-wide system sent emails reflecting that Representative Plaintiff's timecard was edited for the 30-minute meal break deduction even though Representative Plaintiff worked through the meal break.

## COLLECTIVE ACTION ALLEGATIONS

20. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former hourly delivery employees, including but not limited to, drivers and helpers who drove or helped in, or otherwise used vehicles weighing 10,0000 pounds or less, who had a meal break deducted, and who worked 40 or more hours in any workweek at any time from three (3) years preceding the filing of this action through final resolution.**

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that: (1) they were hourly, non-exempt employees of Defendant; (2) they were entitled to overtime compensation for hours worked in excess of 40 hours per workweek; (3) they were subjected to and injured by Defendant's unlawful practice of automatically deducting a 30-minute meal break from their daily work hours even when they took no break or their breaks were interrupted by work duties; and (4) they have the same claim for unpaid overtime, liquidated damages, attorneys' fees, and costs.

4

23. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

24. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. §211(c); 29 C.F.R. § 215.2.

## COUNT ONE
### (FLSA Overtime Violations)

25. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Representative Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

27. At all times relevant, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA.

28. At all times relevant, Defendant was an "employer" within the meaning of the FLSA.

29. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

30. At all times relevant, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

31. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of 40 in a workweek.

32. During the three-year preceding the filing of this Complaint, Defendant employed Representative Plaintiff and the FLSA Collective Members as non-exempt employees.

33. Representative Plaintiff and the FLSA Collective Members regularly worked 40 or more hours per workweek.

34. As non-exempt employees, Representative Plaintiff and the FLSA Collective Members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

35. Defendant violated the FLSA with respect to Representative Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over 40 hours in a workweek because of Defendant's companywide policy of automatically deducting a 30-minute meal break from the Representative Plaintiff's and the FLSA Collective Members' daily work hours for meal breaks that were not taken or were interrupted by work duties.

36. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Members overtime compensation.

37. By engaging in the practice described herein, Defendant willfully violated the FLSA.

38. As a result of Defendant' violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Accordingly, Representative Plaintiff and the FLSA Collective Members are entitled to their unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Representative Plaintiff, individually and on behalf of all similarly situated employees, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective;

C. Award compensatory damages to Representative Plaintiff and the FLSA Collective in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

D. Award Representative Plaintiff and the FLSA Collective pre-judgment and post-judgment interest at the statutory rate; and

E. Award Representative Plaintiff and the FLSA Collective their costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (Ohio 0086195)
**NILGES DRAHER LLC**
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (Ohio 0076017)
**NILGES DRAHER LLC**
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Max Barack (6312302)
**THE GARFINKEL GROUP, LLC**
6252 N. Lincoln Ave., Ste. 200
Chicago, IL 60659
Telephone: 312-736-7991
E: max@garfinkelgroup.com

*Counsel for Plaintiffs*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)

*Counsel for Plaintiffs*